**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2205

ELISABETH PARAENSE-ALMEIDA,
A/K/A ELIZABETH FONSECA-DE ALMEIDA,

Petitioner,

v.

JOHN ASHCROFT,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, <u>Circuit Judge</u>,
Porfilio,* <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

<u>Kerry E. Doyle</u>, with whom <u>William E. Graves, Jr.</u> and <u>Graves & Doyle</u> were on brief, for petitioner.
<u>Jennifer J. Keeney</u>, Trial Attorney, Office of Immigration Litigation, Civil Division, with whom <u>Peter D. Keisler</u>, Assistant Attorney General, and <u>Emily Anne Radford</u>, Assistant Director, were on brief, for respondent.

August 18, 2004

---

* Of the Tenth Circuit, sitting by designation.

**Per Curiam**.    Petitioner Elisabeth Paraense-Almeida ("Paraense") appeals the Board of Immigration Appeal's ("BIA") decision denying her applications for asylum, withholding of removal, and voluntary departure.  We affirm.

## I.  Background

Paraense is a native and citizen of Brazil.  On April 25, 1998, Paraense was arrested, along with her sister,[1] while crossing the border between the United States and Mexico.  On April 26, 1998, the Immigration and Naturalization Service ("INS")[2] filed a Notice to Appear charging Paraense with being removable as an alien present in the United States without being admitted or paroled.  See 8 U.S.C. § 1182(a)(6)(A)(i).  Paraense appeared before an immigration judge, conceded removability, and applied for asylum, withholding of removal, and voluntary departure.  In an oral decision, the immigration judge denied Paraense's applications for asylum and withholding of removal, and found that Paraense was statutorily ineligible for voluntary departure.  Paraense appealed

---

[1]  Paraense's sister appeared with Paraense before the immigration judge and appealed the immigration judge's decision to the BIA. Paraense's sister has not appealed the BIA's decision to this court.

[2]   In March 2003, the relevant functions of the INS were transferred into the Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement ("BICE").  For simplicity, we refer to the agency throughout this opinion as the INS.

-2-

this decision to the BIA, and on July 31, 2003, a single member of the BIA adopted and affirmed the decision of the immigration judge.

## II. **Analysis**

### A. **Asylum**

An asylum applicant, such as Paraense, bears the burden of demonstrating her eligibility for asylum. See Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003). She can meet this burden by demonstrating past persecution or a well-founded fear of future persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." Id. (quoting 8 C.F.R. § 208.13(b)) (internal quotation marks omitted). To establish past persecution, an applicant must provide "conclusive evidence" that she was targeted on any of the five grounds. Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003). To show a well-founded fear of future persecution, an applicant must meet both subjective and objective prongs. Id. To satisfy the objective prong, an applicant's testimony alone may be sufficient, but it must constitute credible and specific evidence of a reasonable fear of persecution. El Moraghy v. Ashcroft, 331 F.3d 195, 203 (1st Cir. 2003). To meet the subjective prong, the applicant must show her fear is genuine. See Aguilar-Solís v. INS, 168 F.3d 565, 572 (1st Cir. 1999).

"Determinations of eligibility for asylum or withholding of deportation are reviewed under the substantial evidence

standard." Fesseha, 333 F.3d at 18. The agency decision is upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quoting INS v. Elías-Zacarías, 502 U.S. 478, 481 (1992)). Under the substantial evidence standard, "[t]o reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it. . . ." Elías-Zacarías, 502 U.S. at 481 n.1 (emphasis in original). "Ordinarily, Courts of Appeals review decisions of the [BIA], and not those of an IJ. When the BIA does not render its own opinion, however, and either defers [to] or adopts the opinion of the IJ, a Court of Appeals must then review the decision of the IJ." See Settenda v. Ashcroft, No. 03-1722, 2004 WL 1718288, at 7 (1st Cir. Aug 2, 2004)(quoting Albathani v. INS, 318 F.3d at 373)).

Paraense testified to the following facts. She was born in 1978 and lived in northern Brazil. She is of Ciapo Indian descent. Her parents and most of her siblings still live in Brazil. In 1994, Paraense's brother was shot and killed in front of their family's home. At first, Paraense thought her brother was killed during a robbery. In December 1997, however, Paraense learned from her father that her brother was killed by squatters who had a land dispute with Paraense's father. Paraense testified that her father, who managed properties, evicted squatters from some land at the instruction of the land's owner. During the eviction, one of the squatters was killed. Paraense testified that

her brother was killed in retaliation for the eviction.  At her father's urging, Paraense fled Brazil to avoid the escalating land disputes.  She testified that she did not want to suffer the same fate as her brother.  She also testified that she was never personally threatened and that her parents and siblings still live in Brazil.  Along with her testimony, Paraense presented documentary evidence that detailed land conflicts in Brazil.

The immigration judge concluded that Paraense did not establish a nexus between her brother's death and her contention that she feared she would suffer persecution if she returned to Brazil.  Further, the immigration judge noted that Paraense safely lived in Brazil for over three years after her brother was killed.  The immigration judge denied Paraense's asylum application.  The BIA adopted the immigration judge's decision and found that Paraense had not met her burden of showing past persecution or a well-founded fear of future persecution on account of a protected ground.  These findings are supported by substantial evidence.

### 1.  Past Persecution

Paraense argues that she was persecuted because of her family membership and the political opinion imputed to her on the basis of her family membership.  Paraense bases this argument on her brother's murder in 1994 by squatters seeking revenge against her father for evicting them.  In her brief, Paraense asserts that she was persecuted because of her family membership.  However,

Paraense never discusses how the alleged past persecution based on her family membership constitutes a form of past persecution on account of membership in a particular social group.[3] "We have steadfastly deemed waived issues raised on appeal in a perfunctory manner, not accompanied by developed argumentation." United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir. 1997). Paraense failed to adequately argue that past persecution on account of her family was a form of past persecution on account of membership in a particular social group. We therefore conclude that the argument is waived.

Paraense also tries to characterize her father's participation in the land disputes as indicative of his political opinion. However, Paraense has failed to show that her father's actions in evicting the squatters constituted a political opinion. See Cuevas v. INS, 43 F.3d 1167, 1170-71 (7th Cir. 1995) (refusal to sell land to squatter is an economic, not political, choice); Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351-52 (5th Cir. 2002) (no evidence that persecution of landlord was a result of politics rather than economics). Further, Paraense's sister testified at the hearing that Paraense's brother was not politically active in Brazil, and there was no testimony that Paraense or any family member held or expressed any political opinions. Paraense has

_____

[3] After making the statement that she was persecuted on account of her family membership, Paraense simply moves on to discuss her fear of future persecution.

-6-

failed to show that her brother was murdered for an imputed political opinion, and we therefore find that the record does not compel a conclusion that Paraense suffered past persecution on account of any imputed political opinion.

### 2. Well-Founded Fear of Future Persecution

Substantial evidence also exists to support the determination that Paraense did not demonstrate a well-founded fear of future persecution. Paraense argues that, based on her brother's murder and the often violent land disputes that are occurring in Brazil, she has a well-founded fear of future persecution. To establish a well-founded fear, Paraense must prove that her fear is "both genuine and objectively reasonable." Aquilar-Solís, 168 F.3d at 572. We focus our discussion on the objective prong. The relevant inquiry is "whether a reasonable person in the asylum applicant's circumstances would fear persecution on account of a statutorily protected ground." Id. We believe that a reasonable person in Paraense's circumstances would not fear persecution on account of a statutorily protected ground.

Paraense's brother was murdered in March 1994. Paraense entered the United States in April 1998. Paraense presented no evidence that, in the nearly four-year interim between her brother's death and her departure from Brazil, she or her family was threatened or harmed as a result of the land disputes described in her testimony and in the documentary evidence. Furthermore,

Paraense's parents and siblings remain in Brazil, and there was no evidence submitted that they have been harmed or threatened since Paraense left Brazil. See id. at 573 ("Without some explanation, the fact that close relatives continue to live peacefully in the alien's homeland undercuts the alien's claim that persecution awaits [her] return"); see also Velásquez v. Ashcroft, 342 F.3d 55, 59 (1st Cir. 2003). This evidence does not compel a finding that a reasonable person in Paraense's circumstances would fear persecution on account of a statutorily protected ground.

Paraense also argues that the immigration judge erred because he made no credibility finding and rejected Paraense's documentary evidence on the grounds that it did not specifically mention Paraense or her family. See El Moraghy, 331 F.3d at 204. However, both the immigration judge and the BIA treated Paraense's story as credible; they simply found that her experiences did not constitute past persecution or provide evidence of a well-founded fear of future persecution. While it is true that the immigration judge noted that Paraense's country condition reports did not specifically mention her or her family, there is no indication that he rejected them completely. Rather, the immigration judge's decision indicates that, because Paraense remained at home for several years after her brother's murder without incident and because no one else in her family had been harmed or threatened, she did not have a well-founded fear of future persecution.

We find substantial evidence to support the findings that Paraense failed to demonstrate past persecution due to a protected ground and failed to demonstrate a well-founded fear of future persecution due to a protected ground. We affirm the denial of asylum.

## B. Withholding of Removal

If a petitioner is unable to satisfy the less stringent standard for asylum, she is a fortiori unable to satisfy the test for withholding of deportation. Albathani, 318 F.3d at 372.

## C. Due Process

Paraense contends that the BIA did not provide a clear administrative finding because it adopted and affirmed the immigration judge's decision and added only four sentences of analysis.[4] We have already ruled that the BIA's streamlined procedures do not violate a petitioner's due process rights. See, e.g., Albathani, 318 F.3d at 375-78 (holding that the BIA's "affirmance without opinion" procedure does not violate due process). "If due process requirements are met when the BIA affirms the IJ's finding without issuing any opinion, the due process requirements are certainly met when the BIA affirms the IJ's finding with a brief explanatory order." Settenda, 2004 WL 1718288 at *7. Thus, we reject Paraense's claim that the BIA

---

[4] While the BIA's decision is four paragraphs long, Paraense's complaint is that only four sentences analyze the case, while the rest recite the facts of the case.

violated her due process rights by failing to provide a clear administrative finding or adequately review and establish the record of the case.  See id.

Paraense, citing to 8 C.F.R. §§ 1003.1(a)(7) and e(5), also contends that the BIA's single-member decision violated its own procedures for evaluating and handling a case.  We have already held that this argument is unavailing, for a variety of reasons. See Settenda, 2004 WL 1718288 at 6-7 (finding that comments to the final rule make it clear that single members may go beyond issuing affirmance without opinion, and that § 1003.1(e)(5) is more specific and was adopted after § 1003.1(a)(7), and therefore supercedes § 1003.1(a)(7)).

Last, Paraense contends that the IJ did not afford her a fair hearing because the IJ interrupted Paraense during questioning.  "An immigration judge, like other judicial officers, possesses broad (though not uncabined) discretion over the conduct of trial proceedings."  Aguilar-Solís, 168 F.3d at 568.  While possessing broad discretion, an immigration judge must function as a "neutral and impartial arbiter[]."  Id. at 569.  In this case, the immigration judge acted in a neutral manner.  The immigration judge did not restrict Paraense's opportunity to present her testimony or other evidence fully.  While he may have exhibited impatience and abruptness, "[t]his is not the stuff from which a due process violation can be fashioned."  Id. (citing Liteky v.

-10-

<u>United States</u>, 510 U.S. 540, 555-56 (1994)(stating that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not by themselves establish judicial bias)). In sum, we find that Paraense had a full and fair hearing. <u>Id.</u>

**<u>Affirmed</u>**.